[Crim. No. 793.   In Bank.—June 7, 1902.]

## THE PEOPLE, Respondent, v. JOHN LAPIQUE, Appellant.

CRIMINAL LAW—FORGERY—SLIGHT PROOF—NEW TRIAL—NEWLY DIS-
COVERED EVIDENCE—CUMULATIVE PROOF.—Where it appears that
upon the trial of a defendant charged with the forgery of a note,
the evidence was strongly conflicting, and the evidence on the part
of the prosecution, leaving out of view that for the defendant, was
extremely slight and unsatisfactory, matters which in ordinary cases
might be disregarded on motion for a new trial will be closely
examined, and a new trial should be granted for newly discovered
evidence that the prosecuting witness had declared that he himself
had signed the note alleged to be forged, although such evidence
is, in some sense, cumulative for the defendant.

ID.—EVIDENCE—FINANCIAL CONDITION OF PROSECUTING WITNESS.—Upon
such trial it was clearly error for the court to admit evidence of the
financial condition of the prosecuting witness.

ID.—ISOLATED INSTRUCTION—IGNORING TESTIMONY FOR DEFENDANT.—
Where the testimony for the defendant proceeded wholly on the
theory that the defendant did not sign the alleged forged note at
all, an isolated instruction, that if the prosecution had not shown
beyond a reasonable doubt that the defendant had no authority to
sign the name of the prosecuting witness to the note they must acquit
the defendant, though not abstractly erroneous, may have improp-
erly influenced the jury to take the instruction as an intimation by
the court that the defendant actually signed the note.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco and from an order denying
a new trial.  F. H. Dunne, Judge.

The facts are stated in the opinion of the court.

Theodore J. Roche, for Appellant.

Tirey L. Ford, Attorney-General, A. A. Moore, Jr., Deputy
Attorney-General, and Lewis F. Byington, District Attorney,
for Respondent.

McFARLAND, J.—The defendant was charged with and
convicted of the crime of forgery.  He appeals from the judg-
ment and from an order denying his motion for a new trial.
After a careful consideration of the case, we are of the opin-
ion that the conviction should not be allowed to stand.

The appellant was charged with forging the name of the prosecuting witness, Philip Maysounave, to a certain promissory note, dated November 15, 1898, purporting to have been made by said Maysounave and payable to the order of Louise Lagarde. Maysounave testified that he did not sign the note or authorize any one to sign it; but, although he was intimately acquainted with appellant, he did not say that the signature to the note was made by appellant or resembled his handwriting. The only evidence tending to connect appellant with the signature was the testimony of an expert in handwriting; and he did not undertake to say that the signature was written by appellant. He testified that, in his opinion, the signature to the note was not in the same handwriting as the admittedly genuine signature of Maysounave to a certain instrument in writing introduced in evidence, marked "Exhibit 2''; and he based his opinion upon his belief that the signature to the note was a tracing of the signature on Exhibit 2, or that the writer of the signature had the exhibit before him and endeavored to closely copy it. It appeared, however, from oral and documentary evidence which we can hardly see any valid excuse for disregarding, that the note had been made, and copied by witnesses, long before Exhibit 2 was in existence, and therefore could not have been traced from the latter. There was also some testimony to the point that the prosecuting witness had admitted that he had signed the note, but that he had received no consideration from the woman who was payee therein, and that therefore he should not be called upon to pay it. The only testimony of this expert witness which tended to connect appellant with the alleged forgery was, that the genuine handwriting of appellant and the disputed signature to the note showed some "similar characteristics.'' There was conflicting evidence on this point, and one witness in particular testified that he was well acquainted with appellant's handwriting, and had great experience in examining signatures, and that the signature to the note was not that of appellant nor in his handwriting. There was other evidence introduced by appellant greatly conflicting with that of the prosecution which need not be here stated in detail.

The foregoing presents substantially the evidence in the case. It is not necessary to determine judicially whether or

not this evidence, as a matter of law, is sufficient to sustain
a conviction of a high felony. It is apparent, however, that it
is not only strongly conflicting, but that the evidence on the
part of the prosecution—leaving out of view that of the ap-
pellant—is extremely slight and unsatisfactory. Under such
circumstances matters which in ordinary cases might be dis-
regarded should be closely examined.

We think that the court should have granted a new trial on
the ground of newly discovered evidence presented by the
affidavit of Charles W. Smyth, in which he swears that the
prosecuting witness had told him that he himself had signed
the note alleged to have been forged. There is no contention
that this evidence was not new or that it could with reason-
able diligence have been discovered before the trial. It is
contended, however, that it was merely cumulative, and was
therefore no basis for a new trial. It was, no doubt, in a
sense, cumulative, because there had been some evidence intro-
duced at the trial on that general subject; but it is not the
law that newly discovered evidence is not ground for a new
trial merely because it comes within the category of "cumu-
lative." It is, no doubt, the general rule that such evidence,
when merely an addition to a mass of evidence of the same
import and effect, differing in no way in its character and
significance, would not warrant a new trial. Each case must
depend upon its own circumstances. For instance, to put an
extreme case, a mass of highly important newly discovered
evidence should not be disregarded because there had been
some slight, insignificant, and inconclusive evidence intro-
duced at the trial on the same subject. Now, in the case at
bar, only two witnesses testified to the declarations of the
prosecuting witness that he had signed the note. One of these
witnesses was the defendant himself; and, of course, the tes-
timony of a defendant in a criminal case is always taken by a
jury with many grains of allowance. The other was the
notary who protested the note; and although he was an un-
biased witness, and stated quite strongly in one part of his
testimony that Maysounave admitted that he signed the note,
still his testimony taken altogether leaves doubt as to whether
or not he thoroughly understood what Maysounave said. But
the affidavit of Smyth leaves no doubt on the subject. In his
affidavit, after stating that Maysounave had informed him

that he "had either signed said note at the request of said Louise Lagarde after the body of the instrument had been written, or that she had presented a blank piece of paper to him to which he attached his signature at her request, and that thereafter the body of the instrument purporting to be a promissory note had been written over his signature," he proceeds as follows: "While affiant is not willing to swear positively to which one of these statements said Philip Maysounave made to him, he is almost confident that he informed him the body of the note had been written at the time the note was signed. Affiant, however, is positive, and therefore states positively, that the said Philip Maysounave then and there informed him that the signature appended to said promissory note so held by said Lapique, and which was made payable to Louise Lagarde, was actually signed by him at the request of said Louise Lagarde, but that said Philip Maysounave stated that there was no consideration for the note, which fact Lapique knew, and for that reason he did not think Lapique was acting fairly towards him in holding it against him." Under these circumstances, and considering the slightness of the evidence against the appellant, we think that justice demands that he should have the benefit of this evidence. No one can say that if introduced at the trial it would not have changed a verdict the correctness of which is so doubtful.

Under the above views it is not necessary to examine very closely the alleged errors committed by the court during the progress of the trial. It is clear, however, that an error was committed in admitting evidence of the financial condition of the prosecuting witness. The general rule is, that such evidence is inadmissible; and we do not think that this case is within any of the exceptions to the rule; and while in many cases such a ruling might be disregarded as unimportant, we cannot say that in so closely a balanced case as the one at bar it was not prejudicial. The jury may also have been improperly influenced by the charge of the court to the jury that if the prosecution had not shown beyond a reasonable doubt "that the defendant had no authority to sign the name of Philip Maysounave, you must then acquit the defendant." There was no evidence offered by appellant, and no pretense made by him, that he was authorized to sign Maysounave's name to the note; his defense was that

he did not sign it at all. Therefore, while the instruction was not in the abstract erroneous, and was one proper and necessary to be given in many cases, it was given in such an isolated manner in the case at bar that it may well have been taken by the jury as an intimation by the court that the appellant did actually sign the note, leaving only the question whether or not he was authorized to do so. No doubt, the court had no such intention, but we cannot say. how it affected the jury.

We think that there are no other points in the case necessary to be considered. It may be noticed, however, that the jury was probably influenced by the improper allowance of a question on the cross-examination of appellant, touching a former incident in his life, to which, however, no exception was taken.

The judgment and order appealed from are reversed and a new trial ordered.

Van Dyke, J., Harrison, J., Henshaw, J., and Temple, J., concurred.

Garoutte, J., concurred in the judgment.